# EXHIBIT C

## Stratton Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FitLab, Inc.,[1] | Case No. 26-11681 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF TERI STRATTON IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HILCO CORPORATE FINANCE, LLC AS INVESTMENT BANKER EFFECTIVE AS OF OCTOBER 26, 2026; (II) MODIFYING CERTAIN TIMEKEEPING REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

I, Teri Stratton, under penalty of perjury, declare as follows:

1. I am an Executive Director at Hilco Corporate Finance, LLC ("HCF").

2. HCF is the proposed investment banker to the Debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). HCF was retained by the Debtors prior to the commencement of above-captioned chapter 11 cases on October 22, 2026.

3. I submit this declaration in support of the foregoing *Debtors' Application for an Order (I) Authorizing the Employment and Retention of Hilco Corporate Finance, LLC as Investment Banker Effective as of October 26, 2026; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief* (the "Application").

[1] The Debtors in these chapter 11 cases and the last four digits of their tax identification numbers are: (1) FitLab, Inc. (0335); (2) FL Events LLC (4931); (3) FL Studios LLC (0684); (4) FL Studio Partners LLC (3332); (5) FL Victory LLC (4966); (6) FL Digital LLC (3337); (7) FL Xtreme LLC (0335); (8) XPT Life LLC (6716); (9) Ragnar Holdings LLC (3664); (10) Ragnar Events LLC (5737); (11) Sauma, LLC (NA); (12) Yoga Vida LLC (5646); (13) Electric Visual Evolution LLC (7533); (14) Novo Fitness Inc. (7187); (15) RPM Fitness Inc. (8361); (16) LifeCore Fitness, LLC (6993); (17) Y7 Holdings LLC (4768); (18) Y7 Studios LLC (7905); (19) Y7 Management LLC (4875); (20) Mile High Run Club, LLC (6820); (21) Mile High Run Club Studio 2, LLC (0491); (22) MHRC UES LLC (5344); (23) MHRC Management Inc. (4271); (24) FitLab Fund Management LLC (8971); (25) FitLab Fund Founders LLC (9620); (26) FitLab Fund I, L.P. (1829); (27) Weight X, Inc. (NA); (28) FL Merch LLC (NA); (29) FitLab, LLC (0535); (30) FitLab Fund General Partner, LLC (0392); (31) Ragnar RTB, LLC. The Debtors' mailing address is c/o Force 10 Partners, 5271 California Avenue, Suite 270, Irvine, CA 92617.

4. Except as otherwise noted, I have personal knowledge of the matters set forth herein. Unless otherwise indicated, all facts set forth in this declaration are based on my personal knowledge, my discussions with the Debtors' senior management, members of the HCF team, or other interested parties; my review of relevant documents; or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial affairs. If called to testify, I would testify competently to the facts set forth below.

5. To the extent that any information disclosed herein requires subsequent amendment or modification upon HCF's completion of further analysis or as additional creditor information becomes available to it, one or more supplemental declarations will be submitted to the Court reflecting the same.

## QUALIFICATIONS

6. I have over 30 years' experience advising on distressed sell-side and buy-side mergers and acquisitions transactions, recapitalizations, and restructuring transactions to middle market companies across many industries including in the restaurant industry. I have advised debtors, boards of directors, official and ad hoc creditors' committees, private equity sponsors, and various creditor constituencies on a wide array of restructurings, including Chapter 11 plans of reorganization, out-of-court restructurings, section 363 asset sales, rescue financings, and exchange offerings. I have experience across many industries, including but not limited to restaurants, aerospace and defense, consumer and retail, gaming, health care, industrial, and technology. I have extensive experience advising companies in bankruptcy.

7. HCF and its professionals have worked with financially troubled companies and their stakeholders in a variety of industries in complex financial restructurings, both in chapter 11 cases and out-of-court proceedings. HCF's distressed investment banking professionals have

served as financial advisors to companies and creditors in numerous restructurings, including acting as the investment banker and/or financial advisor to debtors, creditors, and creditors' committees in cases such as: *In re S.M.F. Group Inc.*, No. 26-11893 (Bankr. S.D.N.Y. Sep. 4, 2026); *In re Norcold LLC*, No. 25-11933 (TMH) (Bankr. D. Del. Dec. 11, 2025); *In re Pinstripes Holdings, Inc.*, No. 25-11677 (KBO) (Bankr. D. Del. Oct. 2, 2025); *In re CTN Holdings, Inc.*, No. 25-10603 (TMH) (Bankr. D. Del. May 16, 2025); *In re One Table Rest. Brands, LLC*, No. 24-11553 (KBO) (Bankr. D. Del. July 17, 2024); *In re TGI Friday's, Inc.*, No. 24-80069 (SGJ) (Bankr. N.D. Tex. Dec. 30, 2024); *In re MRRC Hold Co.*, No. 24-11164 (CTG) (Bankr. D. Del. July 8, 2024); *In re Red Lobster Mgmt., LLC*, No. 24-02486 (GER) (Bankr. M.D. Fla. June 14, 2024); *In re MusclePharm Corp.*, No. 22-14422 (NMC) (Bankr. D. Nev. Aug. 28, 2023); *In re Meridian Rests. Unlimited, LC*, No. 23-20731 (JTM) (Bankr. D. Utah Aug. 1, 2023); *In re CBC Rest. Corp.*, No. 23-10245 (KBO) (Bankr. D. Del. June 2, 2023); *In re CiCi's Holdings, Inc.*, No. 21-30155 (SGJ) (Bankr. N.D. Tex. Mar. 1, 2021); *In re VIVUS, Inc.*, No. 20-11779 (LSS) (Bankr. D. Del. July 7, 2020); *In re Krystal Co.*, No. 20-61065 (PWB) (Bankr. N.D. Ga. Jan. 19, 2020); *In re HRI Holding Corp.*, No. 19-12415 (MFW) (Bankr. D. Del. Nov. 14, 2019); *In re FTD Cos.*, No. 19-11240 (LSS) (Bankr. D. Del. June 3, 2019); *In re Kona Grill, Inc.*, No. 19-10953 (CSS) (Bankr. D. Del. May 28, 2019); *In re Willowood USA Holdings, LLC*, No. 19-11079 (KHT) (Bankr. D. Colo. Feb. 15, 2019); *In re Synergy Pharms.*, No. 18-14010 (LGB) (Bankr. S.D.N.Y. Dec. 12, 2018); *In re RM Holdco LLC*, No. 18-11795 (MFW) (Bankr. D. Del. Aug. 30, 2018); *In re Portrait Innovations*, No. 17-31455 (JCW) (Bankr. W.D.N.C. Sept. 1, 2017); *In re Ignite Rest. Grp., Inc.*, No. 17-33550 (DRJ) (Bankr. S.D. Tex. June 6, 2017); *In re Cent. Grocers, Inc.*, No. 17-13886 (PSH) (Bankr. N.D. Ill. May 4, 2017); *In re Garden Fresh Rest. Intermediate Holding, LLC*, No. 16-12174 (CSS) (Bankr. D. Del. Oct. 7, 2016); *In re Sotera Wireless*, No. 16-05968 (LST) (Bankr.

S.D. Cal. Sept. 30, 2016); *In re Rotary Drilling Tools USA, LLC*, No. 16-33433 (MI) (Bankr. S.D. Tex. July 6, 2016); *In re Golden Cnty. Foods*, No. 15-11062 (KG) (Bankr. D. Del. May 15, 2015); *In re Claim Jumper Rests., LLC*, No. 10-12819 (KG) (Bankr. D. Del. Oct. 6, 2010).

8. HCF advises distressed businesses and their key creditor and equity-holder stakeholders in out-of-court and bankruptcy restructurings, reorganizations, and related financial advisory services. HCF advises buyers, sellers, and other key stakeholders in all aspects of an M&A transaction. Its senior investment bankers have completed transactions in virtually all industry segments, with deep experience in diversified industrial and manufacturing (automotive, aerospace, metals/mining, packaging), energy (E&P, OFS, and infrastructure), business services, and retail/consumer (fashion/apparel, food/restaurants, media). Its professionals also have decades of experience providing the following special situation services: strategic advisory & distressed M&A; turnaround, rescue, and chapter 11 financing; financial restructuring and reorganizations; liability management; corporate governance; Article 9 sales; and litigation support.

## SERVICES TO BE PROVIDED[2]

9. The terms of the engagement letter dated as of October 22, 2026 attached to the Application as Exhibit B (the "Engagement Letter"), were negotiated at arm's length between the Debtors and HCF and reflect the parties' mutual agreement as to the substantial efforts that have been and will continue to be required in this engagement. HCF will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and the other professionals retained in these Chapter 11 Cases to avoid any unnecessary duplication of services.

---

[2] The summary of the Engagement Letter in this declaration is qualified in its entirety by reference to the provisions of the Engagement Letter. Capitalized terms used but not otherwise defined in the Application or in this section shall have the meanings ascribed to them in the Engagement Letter.

10. Subject to further order of this Court, and as more fully described in and consistent with the Engagement Letter, I expect that HCF's investment banking services in the Chapter 11 Cases may include the following:

- Continuing to familiarize itself to the extent that HCF deems appropriate with the commercial, financial, operational, and legal circumstances of the Debtors;
- Evaluating and recommending to the Company regarding its strategic alternatives under current business conditions;
- Identifying and recommending to the Debtors potential buyers and capital sources in connection with a Transaction (as defined in the Engagement Letter);
- With the Debtors' assistance, creating written materials (*e.g.*, a "teaser," confidential information memorandum, management presentation, and form of non-disclosure agreement) to be used in presenting the Transaction opportunity to prospective buyers and capital sources;
- Soliciting and reviewing proposals and making recommendations and advising the Debtors in negotiating proposals concerning a Transaction;
- Assisting the Debtors in responding to the due diligence review of interested parties, including by managing a Virtual Data Room (VDR), and assisting the Debtors in organizing, populating, and maintaining the VDR;
- Assisting the Debtors in soliciting, evaluating and negotiating Transaction proposals;
- Assisting the Debtors and their other professional advisors in negotiating definitive documentation concerning a Transaction and otherwise assisting in the process of closing a Transaction; and
- In connection with the Chapter 11 Cases (i) assisting with the preparation of motions related to a Transaction; (ii) consulting with other retained parties, lenders, creditors' committee, and other parties-in-interest; (iii) participating in hearings and providing testimony in connection with a Transaction; and (iv) performing such other tasks as appropriate and as may reasonably be requested by the Debtors' management or counsel.

## PROFESSIONAL COMPENSATION[3]

11. HCF's decision to advise and assist the Debtors in connection with these Chapter 11 Cases is subject to its ability to be retained in accordance with the terms of the Engagement Letter and pursuant to Bankruptcy Code section 328(a), not section 330.

12. As more fully described in the Engagement Letter, in consideration of the services provided by HCF, the Debtors have agreed to pay HCF during these Chapter 11 Cases according to the following terms (the "Fee and Expense Structure"):

- The Debtors shall pay HCF a monthly fee (the "Monthly Fee") in the amount of $50,000 for HCF's services during the term of this engagement, which will be due and paid by the Debtors in advance promptly upon the effective date and each monthly anniversary thereafter during the period of HCF's engagement under the Engagement Letter, in each case, whether or not any Transaction is consummated.

- The Debtors shall pay HCF a fee (the "Sale Transaction Fee") upon the closing of any Sale Transaction, in an amount equal to the greater of (i) $650,000 or (ii) 3.0% of the Transaction Value.

- The Debtors shall pay HCF a fee ("Capital Raise Fee") upon and as a condition to the first closing of a Capital Raise Transaction equal to (i) 2.0% of the gross proceeds of any indebtedness raised or committed that is senior to other indebtedness of the Debtors, secured by a first priority lien and unsubordinated, with respect to both lien priority and payment, to any other obligations of the Debtors, plus (ii) 3.5% of the gross proceeds of any indebtedness raised or committed that is secured by a lien (other than a first lien), is unsecured and/or is subordinated, plus (iii) 6.0% of the gross proceeds of any preferred equity, equity or equity-linked securities (including, without limitation, convertible securities) placed or committed whether or not such capital is funded or provided at the first closing.

- Fifty percent (50.0%) of the Monthly Fees paid to and received by HCF shall be credited (without duplication) to a Transaction Fee.

- The Debtors shall reimburse HCF for all reasonable and documented expenses incurred in connection with its engagement, including those related to travel, meals, lodging, and attorneys' fees as well as ancillary costs such as research,

[3] The summary of the Fee and Expense Structure in this declaration is qualified in its entirety by reference to the provisions of the Engagement Letter. To the extent there is any discrepancy between the summary contained in this declaration and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall govern.

> printing, duplicating, postage and shipping, database access charges, and other miscellaneous expenses incurred, provided, however, that the aggregate expenses shall not exceed $35,000 without further application to and approval of the Court.

13. This Fee and Expense Structure is consistent with HCF's typical compensation for work of this nature. It is HCF's policy to charge its clients for all disbursements and expenses incurred in providing services. Further, the Fee and Expense Structure is comparable to those generally charged by investment banking firms of similar stature to HCF and for comparable engagements, both in and out-of-court, and reflects a balance between a fixed, monthly fee and a contingency amount that is tied to the consummation and closing of certain transactions as contemplated in the Engagement Letter.

14. The Engagement Letter was negotiated at arm's length and in good faith, and I believe that the provisions contained therein are reasonable terms and conditions of HCF's employment by the Debtors.

15. With respect to the Engagement Letter's indemnification provisions, as summarized in the Application and more fully described in Annex 2 of the Engagement Letter, indemnification is a standard term of the market for investment bankers. The indemnity, moreover, is comparable to that generally obtained by investment banking firms of similar stature to HCF and for comparable engagements, both in and out-of-court. The Engagement Letter's indemnification and contribution provisions were fully negotiated by the Debtors and HCF at arm's length and in good faith, and I believe that these indemnification and contribution provisions are reasonable, subject to the modifications set forth in the Proposed Order.

16. Other than as set forth above, there is no proposed arrangement between the Debtors and HCF for compensation to be paid in these Chapter 11 Cases. HCF has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1). HCF is willing to be retained by the Debtors

as their investment banker and will, subject to the waivers requested in the Application and herein, submit a final fee application for compensation and reimbursement of out-of-pocket expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court.

17. HCF will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these Chapter 11 Cases. However, because: (a) it is not the general practice of investment banking firms such as HCF to keep detailed time records similar to those customarily kept by attorneys; (b) HCF does not ordinarily keep time records on a "project category" basis; and (c) HCF's compensation is based on a fixed rate and/or fixed percentage, HCF respectfully requests that HCF's restructuring professionals only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis, including reasonably detailed descriptions of those services and the individuals who provided those services. In light of these circumstances, I believe it is reasonable and appropriate that: (a) HCF's professionals not be required to keep time records on a "project category" basis, (b) its non-investment banking professionals and personnel in administrative departments not be required to maintain any time records, and (c) it not be required to provide or conform to any schedule of hourly rates. To the extent that HCF would otherwise be required to submit more detailed time records for its professionals pursuant to the Bankruptcy Code, or file monthly or interim fee applications, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, or other applicable procedures and orders of the Court, I believe that a waiver of such requirements is reasonable and appropriate. HCF's fees and expenses will be paid as and when due under the Engagement Letter, provided that all such fees and expenses shall remain subject to the subsequent approval of the Court following the filing of a final fee application.

18. In the ordinary course of its business, Hilco Trading, LLC ("Hilco Trading"), the parent company of HCF, maintains a database for purposes of performing "conflicts checks." The database contains information regarding present and past representations and transactions. HCF searched the names of the Debtors' current and former officers and directors along with creditors and other potential parties-in-interest set forth on Schedule 1 attached hereto (collectively, the "Parties-in-Interest") for purposes of searching the aforementioned database and determining any connection(s) Hilco Trading and its subsidiaries, including HCF, may have with such entities. Based on the results, to the best of my knowledge, other than as set forth herein or on Schedule 2 attached hereto: (a) HCF has no relevant connection with any of the Parties-in-Interest, including the Debtors, the Debtors' creditors, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee; (b) HCF is not a creditor, equity security holder, or insider of any of the Debtors; (c) neither HCF nor any of its professionals is or was, within two years of the Petition Date, a director, officer, or employee of any of the Debtors; and (d) HCF does not hold or represent an interest materially adverse to any of the Debtors, their estates, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason known to HCF.

19. HCF was engaged by the Debtors on October 22, 2026 and received payment of its first Monthly Fee from the Debtors prior to the Petition Date. HCF did not receive any other payments from the Debtors during the 90-day period preceding the Petition Date and HCF does not hold a prepetition claim against the Debtors.

20. Because of the magnitude of the entire creditor list in these Chapter 11 Cases, it is possible that HCF may represent or may have represented other creditors of the Debtors but does

not represent any such creditors in connection with these cases. HCF presently or in the past has served as a professional person in other matters, wholly unrelated to the Debtors or these cases, in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.

21. As part of its diverse practice, HCF appears in numerous cases, proceedings and transactions involving many different professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and parties in interest in these Chapter 11 Cases. In addition, HCF has in the past and will likely in the future be working with or against other professionals involved in these cases in matters unrelated thereto. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors or their estates herein, and none are in connection with the Chapter 11 Cases.

22. I do not believe that any of the representations or relationships recited above would give rise to a finding that HCF represents or holds an interest adverse to the Debtors or their estates. Accordingly, based upon my current knowledge of the Parties-in-Interest and HCF's review of its files, I believe that HCF is a "disinterested person" and that HCF's employment is permissible under sections 327(a) and 328(a) of the Bankruptcy Code.

23. However, given the considerable number of parties in interest in the Chapter 11 Cases, and despite HCF's efforts to identify and disclose its relationships with the Parties-in-Interest, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this declaration. I have therefore informed the Debtors that HCF will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise,

HCF will use reasonable efforts to promptly file a supplemental declaration with the Court as required by Local Rule 2014-1(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2026

*/s/ Teri Stratton*
Teri Stratton
Executive Director
Hilco Corporate Finance, LLC

# SCHEDULE I
## PARTIES IN INTEREST

**Debtors**
Electric Visual Evolution LLC
FitLab Fund Founders, LLC
FitLab Fund General Partner, LLC
FitLab Fund I, LP
FitLab Fund Management, LLC
FitLab Inc.
FitPlan INC USA
Fitplan Technologies, Inc. (CAN)
FL Digital LLC
FL Events LLC
FL Merch LLC
FL Studio Partners LLC
FL Studios LLC
FL Victory LLC
FL Xtreme LLC
LifeCore Fitness, LLC
MHRC Management Inc.
MHRC UES LLC
Mile High Run Club, LLC
Mile High RunClub Studio 2, LLC
Novo Fitness Inc
Ragnar Events LLC
Ragnar Holdings LLC
Ragnar RTB, LLC (70% owned)
RPM Fitness INC
Sauma, LLC
Weight X, Inc.
XPT Life LLC
Y7 Holdings LLC
Y7 Management LLC
Y7 Studios LLC
Yoga Vida LLC

**Related to Debtors**
Brian Kirkbride
Mike Melby
FitLab, LLC
FL Global Holdings, Inc
FL Global LLC
MVMNT
RPM Training Co

**Board of Directors, Members past and present**
Alex Rodriguez
Audie Attar

Cameron Henry
Cameron Speck
Darren Otley
Kilay Reinfeld
Landon Hamilton
Michael A. Mazzola
Michael Dionne
Paul Martino
Rod Trujillo
Rudy Freeman

**Lessors/ Landlords**
1459 3rd RE Associates, LLC
Muss Development
Jason Muss
1459 Third Avenue LLC
Benjamin Aryeh
16 West 8th LLC
250 Houston Investors, LP
478/480/482 Bergen LLC
Michael Pintchik
8700 Monica LLC
SBM West Hollywood LLC
AP Triangle Retail, LLC
Burrell Pond LLC
Frank Burrell
Burton A. Burton Family L.P.
Mount Baker Scenic Railroad Inc.
Centro North, LP
Centro West JV GP, LLC
CP V Cumulus, LLC
CSHV HCG Retail, LLC
EV Newton, LLC
Fairfax Associates, LLC
801 North
GJ Temple Center, LLC
Grove ATX Block 3, LP
Hagopian Family Trust of 2015
Lincoln Lot 7 (SM), LLC
Los Olivos Marketplace, LLC
Madrone Partners, LLC
Marilyn Burton Family L.P.
MB Management Trust
Mirabeau Office Partners, LLC
Sanbourne Corner LLC
South First Partners, LLC

Hillel Fischman
Space Back Bay, LLC
Studio Park, LLC
The View Pacific Investors LLC
Slovin Properties Inc.
Karl Slovin
The View Pacific Owner LLC
Vasken Hagopian
Hagopian Family Trust
Westbourn Crossing LLC
Yolo Gruup Properties LLC
Selina Schacht

**Equity Security Holders**
ASCAN Holdings LLC
Cava Capital SPV XV, LLC
Chasing Youth II, LLC
Chasing Youth, LLC
NIKE, Inc.
The Bates Family

**Lenders**
AROD & Co. / AROD & Others
Bizfund
Break Trail Ventures
Broadfit & Others
Cash Flo It
Cashera (Cashera Private Credit Inc.)
Centerbridge Partners
Centerbridge Partners, L.P.
CFG Merchant Solutions
Chase (JPMorgan Chase)
Credibly
Farhad Nanji
Kapitus
Lendr
LG Funding
Libertas Funding
Lifetime (Lifetime Funding LLC)
Michael DeMichele
National (National Funding)
NewCo Capital
Parkview Advance
Sallyport Commercial Finance
Sandton Capital Solutions
Small Business Administration (SBA) Paycheck Protection Program (PPP)

Stage (Stage Advance LLC)
Standton Capital
Thoro (Thoro Corp)
Top Choice (Top Choice Financials)
UFS West (USF West LLC)
WebBank

**Third Party Commercial Counterparty**
Affirm
American Express (AMEX)
Paylocity
ClassPass Inc.
Mindbody
Stripe, Inc.
Let's Do This
Wolverson
Gym Outfitters
Komo
Advantage Sports

**General Unsecured Creditors**
ABG-VOLCOM LLC
ACP Redstone Credit LLC (Atlas)
Allianz Trade
American Express
Anders Jimmy Levin
Aptean, Inc.
Arthur Longo
Baker Tilly US, LLP
Baldface Mountain Lodge Limited Pa
Bensol SRL / La Fabbrica S.R.L.
Blue Shield of California
Botkin Chiarello Calaf PLLC
Bytes Technolab
Cannery Village Properties I, LLC
Club Drive, LLC
Cogency Global Inc
Common Thread Collective, Inc
Compass Point
crossplans
Danor s.r.l.
DEX Sports Inc
DLA Piper LLP (US)
Douglas Edward Kasper
Elevated Building Group Inc.
Emerald X, Inc

Eric Mehlberg
Evolution Management + Marketing
Faction Industries, Inc
FitLab Fast, LLC
FTI Consulting Inc
GIBSON, DUNN & CRUTCHER LLP
Gig Talent, LLC
Gymlete, Inc
Halcyon Enterprises, Inc
HAYMAKER INDUSTRIES LLC
Jack Robinson Productions PTY LTD
Jamie Lynn
JAMS, Inc.
Jeff Seid
Jeff Yassai
John Florence Inc
Living With Landyn, LLC
Loud and Live WZA LLC
Lowenstein Sandler ("Lowenstein")
Lowenstein Sandler LLP
LYNN STAMM
Marcus Kleveland
Marsh & McLennan Agency LLC
MELBY & MEADOR ACCOUNTANCY CORP
Michael R Patton
MISTRAL SRL
OGK CO., Ltd
Powley & Gibson, P.C.
San Felipe Operating LLC
Ship Forward, LLC (FREIGHT)
Solmar Eyewear S.R.L.
Stradling Yocca Carlson & Rauth, P.C.
The Benchmark Collective
UPS Freight
Whalton, LLC
ZHANGZHOU TONY OPTICAL, CO., LTD.

**Misc. Parties**
Billy Benda
Steve Hurst
Nike Training Studio
Josh Rogers
Mason Levey
Nike Run Club
Nike Running Studio
Reid A. Warner

Sanctuary Fitness
Rick Golden
Nova Fitness
Sarah Larson Levey
Shane Rogers
Traci Bates
Roger Bates
Zach Golden

**Bankr. Judges/ UST Personnel/ Noticing Parties**
Craig T. Goldblatt
Karen B. Owens
Thomas M. Horan
Brendan L. Shannon
Laurie Selber Silverstein
J. Kate Stickles
Mary F. Walrath
Casey, Linda
Fox, Jr. Timothy J.
Hackman, Benjamin
Leamy, Jane
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph
Christine Green
David Buchbinder
Denis Cooke
Jacylyn Weissglass
Juliet Sarkessian
Linda Casey
Richenderfer, Linda
Schepacarter, Richard
Rosa Sierra
Timothy J. Fox, Jr.
Jonathan W. Lipshie
Office of the U.S. Trustee Region 3
Andrew R. Vara, U.S. Trustee
Securities & Exchange Commission
Delaware State Treasury
DE Secretary of State
DE Division of Corporations
Internal Revenue Service
DE State Treasury
Franchise Tax Board
MI Dept of Treasury, Tax Policy Division
DE Division of Revenue/ Bankr. Service

US EPA Region 3
AZ Attorney General's Office
Commonwealth of MA – MA Dept. of Revenue
U.S. Small Business Administration (PA District Office)

**Claims agent**
Stretto

**Secured Creditors**
Ascentium Capital
Atlas Credit Partners
DEXT Capital
First Insurance Funding
JP Morgan Chase credit card
JP Morgan Chase line of credit
Mission Valley Bank
Navitas Credit
North Mill Equipment Finance
PEAC Solutions
Sandton Capital
Western Equipment Finance

**MCA Party**
Visa

**TOP 30 Creditors**
Elysian Park Ventures, LLC
Impulse (Qingdao) Health Tech Ltd. Co
GOOGLE
United Ventures Fitness Inc.
Luxe Living Concepts LLC
North Star Group 1 LLC
Stradling Yocca Carlson & Rauth LLP
Apex Imaging Services
David C Feltch Trust
FiTek Fitness Products Inc.
FACEBOOK/Meta
K-Power International Co., Limited
Maria, LLC
Cipher Genetics Inc / Alethea LLC
Shopify.com
Brooks Kushman P.C
Blaine Culling
Bytes Technolab Inc.
WTI (VLL VIII, LLC & VLL IX, LLC)
Crystal Molen
eShipping, LLC

24 West 25th Street Property Investors

**SCHEDULE II**

**DISCLOSURES**

1. HCF and/or its affiliates employ the following individuals who previously were associated with the Bankruptcy and Corporate Restructuring section of the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") in Wilmington, Delaware: (i) Ian S. Fredericks, Chief Executive Officer of Hilco Merchant Resources, LLC, and (ii) David Peress, Executive Vice President of Hilco IP Services, LLC. Mr. Fredericks and Mr. Peress left YCST in 2008 and 2000, respectively. While at YCST, the Honorable Brendan Linehan Shannon was partner in the Bankruptcy and Corporate Restructuring section.

2. While at Ashby & Geddes, the Honorable Karen Owens provided legal services to HCF and/or affiliates of HCF in matters unrelated to the Debtors and this chapter 11 case.

3. Affiliates of HCF are parties to a credit facility under which JPMorgan Chase Bank, N.A. ("JP Morgan"), is a participatory lender. In 2024, HCF's parent company Hilco Trading engaged JP Morgan and/or affiliates to provide investment banking services to Hilco Trading, in connection with matters unrelated to the Debtors.

4. In matters unrelated to the Debtors, Hilco IP Services, LLC, an affiliate of HCF, has performed or is currently performing patent advisory or IPv4 brokerage services for or to the following entities: (i) ATLAS IP ASSETS LIMITED that may be affiliate of ACP Redstone Credit LLC (Atlas), and (ii) Google.

5. In matters unrelated to the Debtors, HCF's affiliates, Hilco Valuation Services, LLC and/or its affiliates has provided or is currently providing inventory valuation, real estate appraisal, advisory, diligence, field exam and consulting services to the following entities: (i) Atlas Merchant Capital, that may affiliate of ACP Redstone Credit LLC (Atlas), (ii) Centerbridge Partners LP, (iii) DLA Piper LLP (US), (iv) FTI Consulting, (v) Gibson, Dunn & Crutcher LLP, and (vi) JP Morgan.

6. In matters unrelated to the Debtors, HCF's affiliate, Hilco Global Professional Services, LLC was engaged by Gibson, Dunn & Crutcher LLP to provide certain diligence services.

7. From time to time, HCF and/or its affiliates have collaborated with or engaged the professional services of: (i) Baker Tilly US, LLP and/or its affiliates, (ii) DLA Piper LLP (US) (iii) Gibson, Dunn & Crutcher LLP, (iv) Lowenstein Sandler LLP, (v) Marsh & McLennan Agency LLC, (vi) Stretto, Inc.

8. From time to time, HCF and/or its affiliates have collaborated with or engaged the professional services of Raines Feldman Littrell LLP in matters unrelated to the Debtors. In addition, Teri Stratton, an executive director at HCF and a member of the contemplated HCF deal team on this matter, is in a close personal relationship with Hamid R. Rafatjoo, a partner with Raines Feldman Littrell LLP, proposed counsel to the Debtors.

9. Because of the magnitude of the entire creditor list in these chapter 11 cases, it is possible that HCF and/or its affiliates may represent or may have represented other creditors of the Debtors

but does not represent any such creditors in connection with these chapter 11 cases. HCF and/or its affiliates presently or in the past have served as a professional person in other matters, wholly unrelated to the Debtors or these chapter 11 cases, in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.